**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1183C
(Filed: November 17, 2015)

**NOT FOR PUBLICATION**

**FILED**
**NOV 17 2015**
**U.S. COURT OF**
**FEDERAL CLAIMS**

| | |
|---|---|
| DOUGLAS L. ERICKSON, | ) |
| | ) |
| Plaintiff, | ) Pro Se Plaintiff; Sua Sponte |
| | ) Dismissal for Lack of Subject |
| | ) Matter Jurisdiction under RCFC |
| v. | ) 12(h)(3); Federal Tort Claims Act |
| | ) (FTCA); Equitable Tolling; Not in |
| THE UNITED STATES, | ) Interest of Justice to Transfer |
| | ) Under 28 U.S.C. § 1631 |
| Defendant. | ) |
| | ) |

Douglas L. Erickson, Surprise, Ariz., pro se.

Anthony F. Schiavetti, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

Plaintiff, Douglas Erickson, brings suit against the Administrative Office of the United States Courts (AO or defendant) under the Federal Tort Claims Act (FTCA) for an act he alleges was committed by an employee of the United States Court of Appeals for the Ninth Circuit. Mr. Erickson administratively exhausted his claim with the AO in October 2009.

Mr. Erickson filed his complaint in this court on October 13, 2015, ECF No. 1, and filed an amended complaint on November 5, 2015,[1] Am. Compl., ECF No. 7. Mr. Erickson brings his claim without counsel.

---

[1] On October 21, 2015, the court informed Mr. Erickson that he either needed to pay the court's filing fee or file an application to proceed In Forma Pauperis. In his amended complaint, Mr. Erickson informed the court that he included payment of the filing fee with his complaint, and that the check had cleared his bank account. Am. Compl. 24. On November 5, the court informed Mr. Erickson that it had located his

For the reasons explained below, the court finds that it lacks jurisdiction over Mr. Erickson's complaint, and that it is not in the interest of justice to transfer the complaint to a district court. Accordingly, the court sua sponte **DISMISSES** plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).

I.   Background

In August 2009, Mr. Erickson presented the AO with a FTCA claim for $5,147,875.28, for an act he alleges was committed by the Ninth Circuit Clerk of Court in the course of adjudicating an appeal he had pending in that court. See Am. Compl. 29.[2] According to Mr. Erickson, the Ninth Circuit Clerk of Court dismissed his appeal before his time to pay that court's filing fee had expired, which in his view violated his rights under one or more statutes or court orders. See id. at 4, 13, 22, 26.

On October 5, 2009, the AO sent Mr. Erickson a letter, by certified mail, providing him with formal notification that it denied his claim. Id. at 29. According to the AO,

> [i]t is this agency's conclusion that, because your claim arises entirely from actions taken by court officials in the course of your litigation in federal court, the United States may assert absolute judicial immunity from liability. 28 U.S.C. § 2674. To the extent you allege violations of your constitutional rights, your claim is excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2). You have also failed to prove any negligent or wrongful action on the part of a judicial officer or employee that could give rise to federal tort liability under state law. 28 U.S.C. § 2672.
>
> I am required by regulations of the Department of Justice to advise you that, if you are dissatisfied with this agency's disposition of your claim, you have the right to file suit in an appropriate United States district court within six months of the date of mailing of this notification.

Id.

---

filing fee and credited this payment to his complaint. ECF No. 6. Mr. Erickson included no new claims in his amended complaint.

[2]   The pagination is that affixed by the court's electronic filing (CM/ECF) system.

In his complaint before this court, Mr. Erickson seeks "judicial review of the administrative decision of the Administrative Office of the United States Courts." Id. at 4, 13. Mr. Erickson is willing to settle his claim with the AO for the sum of $2,642,497.14. Id. at 24.

Mr. Erickson included various attachments with his complaint, including a Sworn Statement signed and dated on October 4, 2015. Id. at 31. According to Mr. Erickson, he encountered unforeseen obstacles as he was preparing his complaint and attachments for filing, principally relating to a malfunctioning printer. Id. On October 2, 2015, Mr. Erickson states that he realized that under the court's rules he would be unable to file his complaint and attachments by email, as he had planned to do. See id.; see also RCFC 5.5(d)(1)(A) (specifying paper form of filing for a pro se plaintiff). Mr. Erickson then discovered that his new printer was not working properly, which led him to purchase a second printer, which unfortunately also failed to work properly. See Am. Compl. 31 & 32 (receipts for two printers). Mr. Erickson continued to experience printer problems throughout October 2 and October 3, 2015, which delayed his filing in this court. See id. at 31.

II.     Legal Standards

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Further, the United States district courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act. See 28 U.S.C. § 1346(b)(1) (2012).

In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). The court may question its own subject-matter jurisdiction at any time. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden, 379 F.3d at 1354 ("Subject-matter jurisdiction may be challenged at any time . . . by the court sua sponte.").

The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The complaint of a pro se plaintiff is generally held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also RCFC 8(e) ("Pleadings must be construed so as to do justice."). However, the "leniency [afforded to a pro se litigant] with respect to mere formalities" does not permit a court to "take a liberal view of . . . [a] jurisdictional requirement and set a different rule for pro se litigants." Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

III. Discussion

   A.   The Court Lacks Jurisdiction over Mr. Erickson's FTCA Claim

Mr. Erickson asserts that this court has jurisdiction over his complaint as he is a resident of the state of Arizona, the AO is located in Washington, D.C., and his claim is valued at more than $75,000. Am. Compl. 13. By his assertions, Mr. Erickson seeks to invoke diversity jurisdiction, which defines, in part, the jurisdiction of the district courts. See 28 U.S.C. §1332(a)(1) (2012) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."). The Court of Federal Claims, however, is not a district court. See 28 U.S.C. § 451 (2012) (defining "district court" as those courts described in chapter 5 of Title 28[3] of the United States Code); 28 U.S.C. §§ 81-131 (2012) (listing the district courts in each state). Accordingly, section 1332 fails to provide this court with jurisdiction over Mr. Erickson's complaint.

Nor can jurisdiction be found in the Tucker Act, as Congress expressly provided that this court's jurisdiction does not include claims against the United States "sounding in tort."[4] 28 U.S.C. § 1491(a)(1). "[Plaintiff's] claims based upon the [Federal] Tort Claims Act are tort claims, over which the Court of Federal Claims has no jurisdiction." Evans v. United States, 249 F. App'x 201, 203 (Fed. Cir. 2007) (citing Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979)). "The Court of Federal Claims is a court of

---

[3]   Chapter 5 of Title 28 of the United States Code includes Sections 81 to 144.

[4]   According to Mr. Erickson, his "action is no longer founded in tort but [in] contract." Am. Comp. 23. Mr. Erickson includes no support for this legal conclusion, and nothing in his complaint or attachments suggests he was a party to a contract with the AO. "[T]he court need not accept 'conclusory allegations or legal conclusions masquerading as factual conclusions.'" Hairston v. United States, 99 Fed. Cl. 695, 698 (2011) (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 (Fed. Cir. 2007)). Accordingly, the court does not consider whether Mr. Erickson presents a contract action.

limited jurisdiction. It lacks jurisdiction over tort actions against the United States." Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)).

As provided by Congress, jurisdiction over claims brought under the FTCA rests solely with the district courts.

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Because, as discussed above, the Court of Federal Claims is not a district court, section 1346 also fails to provide this court with jurisdiction over Mr. Erickson's complaint.

The court finds that it is without subject matter jurisdiction over Mr. Erickson's claim under the Federal Tort Claims Act. Before deciding whether to dismiss Mr. Erickson's complaint, the court first considers whether transfer to a district court is warranted.

    B.    Transfer Under 28 U.S.C. § 1631 Is Not Warranted

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought, if transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012). The events of which plaintiff complains occurred in San Francisco, California, where the Court of Appeals for the Ninth Circuit sits. Thus, the district court to which this matter could be transferred, if in the interest of justice, is the United States District Court for the Northern District of California.

As the AO informed Mr. Erickson, he had "the right to file suit in an appropriate United States district court within six months of the date of mailing" of the AO's formal notification to him. Am. Compl 29. The AO thus provided Mr. Erickson with notice of the statute of limitations for bringing a FTCA claim, as specified by Congress. See 28 U.S.C. § 2401(b) (2012).

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date

<blockquote>of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.</blockquote>

28 U.S.C. § 2401(b) (emphasis added).

Assuming the AO mailed its formal notification to Mr. Erickson on the day it was dated, October 5, 2009, Mr. Erickson could have timely filed his FTCA claim in a district court no later than April 5, 2010. As Mr. Erickson filed his FTCA claim in this court on October 13, 2015, more than five years and six months beyond the filing deadline, his claim is barred by the statute of limitations. See, e.g., Lehman v. United States, 154 F.3d 1010, 1014 (9th Cir. 1998) (affirming dismissal of FTCA claim filed more than six months after the agency mailed its notice of final denial to plaintiff).

Mr. Erickson recognizes that his claim is subject to a statute of limitations, but incorrectly argues that limitation to be six years from the date of the AO's formal notification. See Am. Compl. 23 (explaining that the statute of limitations under 28 U.S.C. § 2401(a) is six years from the October 5, 2009 AO formal notification). While section 2401(a) does provide a six-year statute of limitations period for civil actions against the United States, the time for filing a tort claim against the United States is specified by section 2401(b), not section 2401(a), as discussed above. Mr. Erickson had six months, not six years, within which to bring his claim in a district court.

As Mr. Erickson attempted to rely on 28 U.S.C. § 2401(a) for a six-year statute of limitations, the court infers that despite the AO's clear notice of the correct limitations period—six months—Mr. Erickson was unaware of the applicable statute of limitations. The court makes this inference in order to construe Mr. Erickson's complaint liberally, as it must when adjudicating the claim of a pro se plaintiff. See Erickson, 551 U.S. at 94.

District courts within the Ninth Circuit, however, find that ignorance of the law cannot support a claim for equitable tolling. See, e.g., Bruce v. Perry, No. 1:08-cv-00804, 2009 WL 2486319, at *4 (E.D. Cal. Aug. 12, 2009) (stating that "[i]gnorance of the law, standing alone, is insufficient" to warrant equitable tolling); City of Moses Lake v. United States, 451 F. Supp. 2d 1233, 1248 (E.D. Wash. 2005) (finding that mere negligence or ignorance of the law are insufficient to warrant equitable tolling).

Mr. Erickson also realizes that he might have filed his complaint in this court beyond the six-year limitation period, thus he argued for equitable tolling of that limitation. See Am. Compl. 9, 23 (stating that "legal disability prevented" timely filing, as explained in his Sworn Statement, and that "in equity . . . the statute of limitations should be tolled"); Am. Compl. 31 (explaining in his Sworn Statement that he was unable to timely file due to a printer malfunction). The court considers whether Mr.

Erickson's arguments could serve to equitably toll his actual filing deadline, which was April 5, 2010.

The Ninth Circuit has held that the FTCA statute of limitations is not a jurisdictional requirement and may be equitably tolled. See Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1038 (9th Cir. 2013) (en banc), aff'd and remanded sub nom., United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015). The Ninth Circuit further considered the circumstances under which it would equitably toll a claim.

> "[L]ong-settled equitable-tolling principles" instruct that "'[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" As to the first element, "[t]he standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Central to the analysis is whether the plaintiff was "without any fault" in pursuing his claim.
>
> With regard to the second showing, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Instead, a litigant must show that "extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time." Accordingly, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control."

Id. at 1052 (citations omitted).

While unfortunate, the printing problems Mr. Erickson describes are no more than "a garden variety claim of excusable neglect," which cannot support equitable tolling. See, e.g., Scholar v. Pac. Bell, 963 F.2d 264, 268 (9th Cir. 1992) (stating that equitable tolling does not apply "when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights'" (quoting Irwin v. Dep't Veterans Affairs, 498 U.S. 89, 96 (1990))). No part of Mr. Erickson's explanation could be described as presenting the "extraordinary circumstances" necessary to support equitable tolling.

With regard to the allegation of legal disability, Mr. Erickson is correct that, in some cases, the statute of limitations may be extended if a legal disability prevented a plaintiff from timely filing. According to the relevant statute, "every civil action

commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. <u>The action of any person under legal disability . . . may be commenced within three years after the disability ceases</u>." 28 U.S.C. § 2401(a) (emphasis added).

First, the Ninth Circuit has held that tolling for a legal disability is applicable <u>only</u> to claims brought under section 2401(a), and <u>not</u> to tort claims brought under section 2401(b). <u>United States v. Glenn</u>, 231 F.2d 884, 887 (9th Cir. 1956) ("[T]he disability provision of 2401(a) [does not] reach into 2401(b), the limitations sub-section for Federal Tort Claims."); <u>see also</u> <u>Eggers v. United States</u>, No. 08-cv-986, 2008 WL 746578, at *3 (C.D. Cal. Mar. 17, 2008) (denying equitable tolling for an asserted legal disability under section 2401(a), when plaintiff's tort claim was brought under section 2401(b)).

Second, legal disability has been said to exist when the "plaintiff [was] prevented from filing suit by circumstances beyond his control, such as minority, mental illness or incarceration." <u>Parlante v. Near</u>, No. 09-03336, 2010 WL 546336, at *2 (N.D. Cal. Feb. 10, 2010). In support of his claim of legal disability, Mr. Erickson points to his Sworn Statement. <u>See</u> Am. Compl. 23 (citing Am. Compl. 31). As discussed <u>supra</u> Part I, this Statement is limited to describing printing problems encountered during the three days prior to the filing of his original complaint. <u>See</u> <u>id.</u> at 31. Nothing in Mr. Erickson's complaint or attachments suggests that he ever suffered from a legal disability.

In sum, Mr. Erickson's deadline for filing his FTCA claim in a district court has passed, and under the facts presented in his complaint, equitable tolling is unavailable to Mr. Erickson. For these reasons, the court finds that it is not in the interest of justice to transfer plaintiff's complaint to a federal district court.

IV.  Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's complaint, and that it is not in the interest of justice to transfer the complaint to a district court. Plaintiff's complaint is **DISMISSED** without prejudice. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

_/s/ Patricia E. Campbell-Smith_
PATRICIA E. CAMPBELL-SMITH
Chief Judge